# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BERNARD TOCHOLKE,

    Plaintiff,

    v.                                            Case No. 09-C-1125

WISCONSIN,

    Defendant.

## DECISION AND ORDER

### NATURE OF CASE

On December 7, 2009, the plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging that the defendant deprived him of life, liberty, and property without due process. On February 3, 2010, the defendant filed a motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6).

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

The defendant asserts that the plaintiff's complaint is subject to dismissal because Wisconsin is not a "person" under 42 U.S.C. § 1983. Alternatively, the defendant asserts that the plaintiff's claims are barred by Wisconsin's immunity from suit. On February 18, 2010, the

plaintiff filed a brief in opposition to the defendant's motion to dismiss. Thereafter, the defendant filed a reply memorandum supporting the motion to dismiss. On March 8, 2010, the plaintiff filed a sur-reply.[1] Accordingly, the defendant's motion to dismiss is fully briefed and will be addressed herein.

On June 11, 2010, the plaintiff field a "motion to continue." (Docket # 17). Such motion will be denied as moot.

## **MOTION TO DISMISS**

### **Standard for Motion to Dismiss**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). To state a cognizable claim under federal notice pleading, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 [1957]). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at

---

[1] Although the court did not grant leave to the plaintiff to file a sur-reply pursuant to Civil Local Rule 7(I) (E.D. Wis.), the court has considered the plaintiff's sur-reply in deciding the defendant's motion to dismiss.

1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In considering a motion to dismiss, courts should follow the principles set forth in Twombly by, first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. Second, if there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A plaintiff can plead himself out of court if the factual allegations in the complaint, viewed in the light most favorable to the plaintiff, do not plausibly suggest that the plaintiff is entitled to relief. EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007).

**Analysis**

The defendant asserts that any § 1983 claim against the State must be dismissed because the State is not a person under § 1983 and "[p]ersonhood is an essential element of a § 1983 claim." Lett v. Magnant, 965 F.2d 251, 255 (7th Cir. 1992), reh'g and reh'g en banc denied; Ryan v. Illinois Dept. of Children and Family Services, 185 F.3d 751, 758 (7th Cir. 1999).

The plaintiff alleges that the "Wisconsin judicial system has erred by using abuse of process and malicious prosecution to gratify their bias motives and agenda which is Judicial misconduct." (Plaintiff's Complaint at 3)(emphasis removed). As asserted by the defendant,

- 3 -

neither the State of Wisconsin nor the judicial system is a person under § 1983 and, therefore, cannot be sued under the statute. The plaintiff, in his response brief, attempted to "modify the 'person' issue [by] add[ing] the person 'J.B. Hollen' as the 'person' who is the representative of the state." (Plaintiff's Brief in Opposition to the Defendant's Motion to Dismiss at 3). However, the general rule is that a complaint may not be amended by a brief in opposition to a motion to dismiss. See Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984).

In his complaint, the plaintiff details his abuse of process and malicious prosecution allegations by describing the actions of various individuals including Commissioner John C. Plous, Judge Mary K. Wagner, Commissioner James E. Fitzgerald, Judge Anthony Milisaukas, Judge Bruce E. Schroeder, and Nicole Beddigs. Although these individuals are persons under § 1983, the plaintiff only names the State of Wisconsin as a defendant. Moreover, even if the plaintiff had named the above individuals as defendants in this case, all of the individuals are immune from suit. Judges Wagner, Milisaukas, and Schroeder are immune from suit for damages that complain of their judicial acts. See Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349 (1978). The principle of judicial immunity recognizes that

> "although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

Brokaw v. Mercer County, 235 F.3d 1000, 1015 (7th Cir. Ill. 2000) (quoting Mireles v. Waco, 502 U.S. 9, 10 [1991]).

- 4 -

As court commissioners, Plous and Fitzgerald are also entitled to absolute immunity. See Evers v. Johnson, 2000 U.S. App. LEXIS 38678 (7th Cir. 2000). Section 757.68 of the Wisconsin statutes authorizes appointment of court commissioners and Wisconsin Supreme Court Rule 75.02 authorizes court commissioners to "perform limited judicial and quasi-judicial functions under the direction and authority of the chief judge and the judges of the circuit." Therefore, court commissioners, who "perform duties functionally comparable to those of a judicial officer" are immune from suit. See Crenshaw v. Baynerd, 180 F.3d 866, 888 (7th Cir. 1999).

In addition, Nicole Beddigs, as guardian ad litem, is immune from suit for her performance of her duties in the family court matter. A circuit court appoints a guardian ad litem pursuant to Wis. Stat. § 767.045. The guardian ad litem is to represent the best interests of the child in family court matters and thereby "performs functions intimately related to the judicial process and, therefore, is entitled to absolute quasi-judicial immunity." Paige K.B. v. Molepske, 219 Wis. 2d 418, 424, 580 N.W.2d 289, 292 (1998); See Scheib v. Grant, 22 F.3d 149, 157 (7th Cir. 1994).

Moreover, the doctrine of respondeat superior does not apply in § 1983 actions. Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). Thus, even though many of the individuals the plaintiff discusses in his complaint are employees of the State of Wisconsin, the State may not be held liable for the acts of its employees committed in the course and scope of their employment. Further, as the defendant alternatively asserts, the State's immunity remains a bar to any § 1983 claims against the State. The State's immunity is not destroyed by § 1983 claims. Boldt v. State, 101 Wis. 2d 566, 584-85, 305 N.W.2d 133 (1981).

- 5 -

Case 2:09-cv-01125-PJG   Filed 06/14/10   Page 5 of 7   Document 18

In addition, no Wisconsin statute consents to § 1983 or other civil rights actions against the State. Id.

The court also notes that on January 31, 2008, the plaintiff filed a complaint in this district against several individuals, including circuit court judges and a guardian ad litem, and other entities, including the Kenosha County Courthouse, County Executive and Mayor's Office. Although the defendant in this case did not discuss res judicata, or claim preclusion, this court senses a discussion of this doctrine is appropriate. Res judicata applies if there is "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction." Northern States Power Co. v. Bugher, 189 Wis. 2d 541, 525 N.W.2d 723, 728 (Wis. 1995). Regarding the second element, Wisconsin courts use "a transactional approach to determine whether two suits involve the same cause of action." Id. Under the transactional approach, the plaintiff must bring all claims that "arise from the same factual underpinnings . . . in the same action or [else they will] be barred from future consideration." Id. at 729; see also DePratt v. West Bend Mutual Ins. Co., 113 Wis. 2d 306, 334 N.W.2d 883, 886 (Wis. 1983).

Although the plaintiff included different parties in his prior action before United States District Chief Judge Charles N. Clevert, many of the same parties included in that action are also included in this action, and as the court has concluded, all of these parties are immune from suit. Thus, there is an identity between the parties. With respect to the second element, all of the plaintiff's claims here arrive from the same "factual underpinnings" as his prior action, and thus, are precluded. Consequently, the plaintiff's claims have already been fully

- 6 -

Case 2:09-cv-01125-PJG   Filed 06/14/10   Page 6 of 7   Document 18

adjudicated, and no additional facts pled in this action have brought this action outside of the res judicata doctrine.

Accordingly, for all of the reasons stated herein, the defendant's motion to dismiss will be granted.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss be and hereby is **granted** (Docket # 9).

**IT IS ALSO ORDERED** that the plaintiff's motion to continue be and hereby is denied as **moot**. (Docket # 17).

**IT IS FURTHER ORDERED** that this action be and hereby is dismissed.

**FINALLY, IT IS ORDERED** that the clerk of court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 14th day of June, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

O:\CIV\Tocholke.Ord.wpd                                - 7 -

Case 2:09-cv-01125-PJG   Filed 06/14/10   Page 7 of 7   Document 18